IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XIAOHONG SUN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-CV-01466-E |
| UR M JADDOU et al., | § § § | |
| Defendants. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions for summary judgment: (i) Plaintiff Xiaohong Sun's ("Sun") motion for summary judgment, (ECF No. 13), and the Government's cross-motion for summary judgment, (ECF No. 14). Having carefully considered the motions; the Parties' briefing; appendices; and the applicable law—for reasons that follow—the Court **GRANTS** the Government's motion for summary judgment and **DENIES** Sun's motion for summary judgment.

### I.   BACKGROUND

Sun is a native and citizen of China, currently living in China, who filed an Immigration Petition for Alien Worker (Form I-140) on her own behalf on February 12, 2024. (ECF No. 13 at 11-12). The Court refers to this petition as "the EB-1 Petition." Sun's EB-1 petition asserted that she met six of the ten criteria in the regulations—qualifying her as an alien of extraordinary ability. (ECF No. 13 at 12). On February 23, 2024, The United States Citizenship and Immigration Services ("USCIS") issued its Notice of Intent to Deny ("NOID") and requested further evidence from Sun. (ECF Nos. 13 at 12; 15 at 15). On March 28, 2024, Sun responded to the NOID. (ECF

No. 13 at 12). On April 9, 2024, USCIS denied Sun's EB-1 petition. (ECF Nos. 13 at 12; 15 at 16).

On June 14, 2024, Sun initiated this litigation—alleging the denial of her EB-1 petition was "arbitrary and capricious." (ECF No. 1 at 2). Sun moved for summary judgment—asking the Court to set aside the denial of her EB-1 petition—because USCIS's denial was arbitrary and capricious. (ECF No. 13 at 23). The Government responded and simultaneously filed a cross-motion for summary judgment arguing that "USCIS's decision to deny Sun's EB-1 petition was not arbitrary, capricious, an abuse of discretion, or unlawful, but was instead reasonable and supported by the record." (ECF No. 15 at 21). Each party has filed a respective reply. (ECF Nos. 16; 17). The Government filed the administrative record. (ECF No. 11). Having been fully briefed, the Court determines the Parties' motions for summary judgment are ripe for adjudication.

## II.   LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254-55. Moreover, the evidence the non-movant provides must raise

"more than ... some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The evidence must be such that a jury could reasonably find in the non-movant's favor. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). The Fifth Circuit has explained:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.... "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

*Ragas*, 136 F.3d at 458. Regarding assertions of fact, Federal Rule of Civil Procedure 56 states:

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3).

### B. Judicial Review of Agency Action

"[R]eviewing an administrative decision on summary judgment calls for a modified standard: whether the agency acted appropriately given the standards of review set forth by the Administrative Procedure Act or the statute authorizing the agency's action." *Willingham v. Dep't of Lab.*, 475 F. Supp. 2d 607, 611 (N.D. Tex. 2007). The Court must review whether USCIS "acted within the scope of its authority, followed procedural requirements, and made an appropriate decision ... under ... [the] arbitrary-and-capricious standard[ ]." *Willingham*, 475 F. Supp. 2d at 611 (citing *Miss. Comm'n on Nat. Res. v. Costle*, 625 F.2d 1269, 1274–75 (5th Cir. 1980)).

The Administrative Procedure Act (APA) provides a way for individuals "adversely affected ... by agency action" to obtain judicial review of that action. 5 U.S.C. § 702. Section 706 of the APA establishes the scope of judicial review, which "has the function of determining whether the administrative action is consistent with the law." *See Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996).

Section 706 requires courts to "hold unlawful and set aside" agency action that is "arbitrary capricious, an abuse of discretion, [or] otherwise not in accordance with law." § 706(2)(A). An agency's decision is not arbitrary and capricious if the agency can "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotations omitted). However, if the agency "relied on factors that Congress did not intend it to consider, failed to consider an important aspect of the problem, or offered an explanation counter to the evidence," the decision must be set aside. *Amin v. Mayorkas*, 24 F.4th

383, 393 (5th Cir. 2022) (citing *Motor Vehicle Mfrs.*, 463 U.S. at 43). This inquiry is narrow. *Motor Vehicle Mfrs.*, 463 U.S. at 43 (The scope of review under the "arbitrary and capricious" standard is narrow[.]); *see, e.g.*, *Amin*, 24 F.4th at 393 (discussing the same). If the agency "considered the relevant facts and articulated a satisfactory explanation for its decision[,] [the Court] cannot substitute [its] judgment for the agency's." *Amin*, 24 F.4th at 393. "Our task is merely to ask whether the agency considered the relevant facts and articulated a satisfactory explanation for its decision." *Amin*, 24 F.4th at 393.

### C. Aliens of Extraordinary Ability

To demonstrate extraordinary ability in the EB-1 petition context, an applicant must satisfy a two-pronged test. An applicant must first submit evidence that he has "sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3); *see Amin*, 24 F.4th 383, 389; *see generally Kazarian v. USCIS*, 596 F.3d 1115 (9th Cir. 2010). Satisfactory evidence includes "evidence of a one-time achievement" or evidence that shows, by a preponderance of the evidence, at least three of the following criteria:

> (i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;
>
> (ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;
>
> (iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;

> (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;
>
> (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;
>
> (vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;
>
> (vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;
>
> (viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;
>
> (ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or
>
> (x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

8 C.F.R. § 204.5(h)(3)(i)–(x). If the above criteria do not "readily apply" to the applicant's occupation, the applicant may "submit comparable evidence to establish the [applicant's] eligibility." 8 C.F.R. § 204.5(h)(4). Once an applicant meets at least three of these criteria, "[t]he agency then [moves to the second prong of the test] and conducts a 'final merits determination' to determine whether, *as a whole*, the evidence is sufficient to demonstrate that the applicant meets the 'required high level of expertise.'" *Amin*, 24 F.4th at 388 (emphasis added).

### III.   ANALYSIS

USCIS ultimately concluded that Sun had not demonstrated that she was an alien with extraordinary ability. As to the first prong, it concluded that Sun "superficially met three of the ten criteria in 8 C.F.R. § 204.5(h)(3)." (ECF No. 15 at 16). Specifically, Sun demonstrated:

> she (1) had materials published about her work in the field in professional or major trade publications or other major media; (2) participated as a judge of the work of others in the field; and (3) had published her own scholarly articles in the field.

(ECF No. 15 at 16-17). But, despite meeting these three criteria, USCIS concluded as to the second prong, "Sun's evidence did not support her claim that she belonged 'among the top general managers in her field who have enjoyed national or international acclaim over a sustained period of time.'" (ECF No. 15 at 17). Sun, however, argues that she met three additional criteria, including:

> (1) received a lesser nationally or internationally recognized prize or award for excellence in her field of endeavor; (2) made original scientific, scholarly, artistic, or business-related contributions of major significance; and (3) performed in a leading or critical role for organizations or establishments that have a distinguished reputation.

(ECF No. 15 at 23) (internal citations omitted). Sun challenges USCIS's decision as arbitrary, capricious, and not in accordance with law. (ECF No. 13 at 17). Sun specifically challenges USCIS's denial decision with regard to the criteria of 8 C.F.R. § 204.5(h)(3)(i), (v), and (vii). The Court first reviews USCIS's findings regarding whether Sun met the criteria under § 204.5(h)(3)(ii), (v), and (viii). The Court then reviews USCIS's finding that Sun's evidence did not support the contention that she has risen to the top of her field of endeavor and sustained national or international acclaim. After reviewing the evidence, the Court concludes that USCIS did not err in denying Sun's Petition.

(*this space left intentionally blank*)

### A. Whether USCIS's Findings as to the Three Disputed Criteria Were Arbitrary and Capricious

#### a. 8 C.F.R. § 204.5(h)(3)(i)

To meet the criterion under § 204.5(h)(3)(i), an applicant must present "[d]ocumentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor."

Sun submitted evidence that she had been awarded the "Gold[en] Gulls Award in 2021 for Most Innovative Technology in the Medical Device Industry for her technology 'Digital Production Management System for Medical Devices.'" (ECF No. 13 at 16). USCIS found that the produced evidence "did not establish that this award was considered as a nationally or internationally recognized prize or award for excellence in the medical device industry." (ECF No. 17 at 8). Sun argues that she had provided two articles which demonstrate that the "Golden Gulls [a]ward has been held once a year and 'has become one of the most popular and influential awards in the industry,'" and as such, USCIS's findings were arbitrary and capricious. (ECF No. 13 at 20). In response, the Government states that the articles clearly state that the 2021 Golden Gulls award winners were "involved 'in various fields, including education, energy, finance, healthcare, manufacturing, electronics, and more,'" and, as such, the articles "do[] not demand the conclusion that the wider medical device industry, nationally or internationally, takes notice of the Golden Gulls awards." (ECF No. 17 at 9).

Here, it is clear that USCIS conducted a thorough analysis of Sun's evidence and concluded that she had not established that the Golden Gulls award was "considered [] a nationally or internationally recognized prize or award for excellence in the medical device industry." (ECF No. 17 at 8). Sun asks this Court to reweigh the evidence and come to a different conclusion. But

"[the Court] cannot substitute [its] judgment for the agency's." *Amin*, 24 4th at 393. USCIS "considered the relevant facts and articulated a satisfactory explication." *Amin*, 24 4th at 393. Therefore, the Court concludes the decision was not arbitrary and capricious.

### b. 8 C.F.R. § 204.5(h)(3)(v)

To meet the criterion under § 204.5(h)(3)(v), an applicant must present "[e]vidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field."

Sun submitted evidence that she "had developed five broadly used copyrighted software programs and three patents related to medical manufacturing innovations," as well as testimonial letters from individuals in her field. (ECF No. 13 at 21). USCIS found that such evidence showed that "Sun had made original contributions in her field of expertise but explained that Sun did not submit sufficient evidence demonstrating her contributions were of *major significance* in the field as a whole." (ECF No. 17 at 10)(emphasis in original). Specifically, regarding the letters, USCIS stated that "although [the] letters are 'not without weight,' they 'cannot form the cornerstone of a successful extraordinary ability claim.'" (ECF No. 17 at 11) (citing Administrative Record "AR" 6). Sun argues that the government's characterization of her patents and the letters "do[] not reflect reality." (ECF No. 16 at 9).

Contrary to Sun's assertions, USCIS's interpretation of § 204.5(h)(3)(v) was reasonable. Courts have routinely affirmed agency decisions that held § 204.5(h)(3)(v) "requires substantial influence beyond one's employers, clients, or customers." *Strategati, LLC v. Sessions*, 2019 WL 2330181, at *6 (S.D. Cal. May 31, 2019) (upholding an agency decision that held "[a] patent is not necessarily evidence of a track record of success with some degree of influence over the field as a whole."); *see also Amin*, 24 F.4th at 394 (upholding agency decision that held evidence

insufficient "because it did not show widespread replication of [the applicant's invention]"); *Visinscaia v. Beers*, 4 F. Supp. 3d 126, 134 (D.D.C. 2013) (upholding agency decision that rejected letters that did not provide "specific evidence that [the applicant's] techniques were being used by others in the field"). The Court will not depart from such a settled interpretation here.

Further, USCIS conducted a thorough analysis of Sun's evidence. (*See generally* ECF No. 11). USCIS concluded the letters submitted failed to provide specific evidence as to how Sun's work has had a major impact on the medical technology field as a whole. (ECF No. 17 at 10). Sun again asks this Court to reweigh the evidence and come to a different conclusion. But "[the Court] cannot substitute [its] judgment for the agency's." *Amin*, 24 4th at 393. USCIS "considered the relevant facts and articulated a satisfactory explanation." *See Amin*, 24 4th at 393. The Court concludes that decision was not arbitrary and capricious.

### c.  8 C.F.R. § 204.5(h)(3)(viii)

To meet the criterion under § 204.5(h)(3)(viii), an applicant must present "[e]vidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation."

Sun submitted evidence that she is the "General Manger of Tianjin Tianzuo Medical Equipment Sales Co., a company she founded in 2015." (ECF No. 16 at 9). USCIS found that while the evidence submitted "demonstrated [Sun] had a critical leadership role in her company, Tianjin Tianzuo Medical Equipment Sales Co., Ltd., it did not demonstrate that the company had a distinguished reputation." (ECF No. 15 at 27). Sun baldly argues that the evidence establishes that her company has the requite distinguished reputation because "(1) it is 'certified to be among the [t]op 20 companies in China's Medical Device Industry," and (2) its subsidiary has 'been designated a Chinese Independent Innovation Enterprise by the nonprofit National Product Quality Supervision Center.'" (ECF No. 17 at 14) (citing ECF No. 13 at 15). Because of this,

Sun argues that USCIS, in making this determination, "confuse[d] the 'antecedent procedural question' of whether the evidence meets the regulatory criterion with the 'final merits' question of whether the evidence shows acclaim in the field." (ECF No. 16 at 10) (citing *Rijal v. US Citizenship & Immigration Services*, 772 F.Supp.2d 1339, 1346 (W.D. Wash. 2011). However, despite this creative argument, what Sun is asking the Court to do, is reconsider evidence that USCIS properly found insufficient. In its analysis, USCIS addressed Sun's evidence and the associated deficiencies. (ECF No. 17 at 13-17). This "reasoned decisionmaking process … satisfy[ies] the lenient arbitrary-and-capricious standard of review." *Visinscaia*, 4F.Supp.3d at 135.

Thus, the Court concludes USCIS did not err in finding that Sun only satisfied three of the ten criteria listed in § 204.5(h)(3).

### B. Whether USCIS's Findings on the Final Merits Determination Were Arbitrary and Capricious

The Court next addresses whether USCIS erred in concluding Sun did not demonstrate she had risen to the top of her field and sustained national or international acclaim. USCIS found that Sun met three criteria, but "USCIS reasonably determined the evidence for each criterion did not demonstrate that Sun has risen to the top of her field and that she has achieved sustained national or international acclaim in her field." (ECF No. 17 at 18). Sun argues that the findings were arbitrary and capricious in light of "the totality of the evidence" which "demonstrates that [Sun] has sustained international acclaim in [her] field and that her achievements have been recognized." (ECF No. 13 at 18).

After reviewing USCIS's findings, the Court cannot conclude that its findings were arbitrary and capricious.

> Th[e] underlying standard—whether [Sun] showed extraordinary ability—combines with [the Court's] deferential arbitrary-and-

> capricious review to create a daunting obstacle to the relief [Sun] seeks. Extraordinary ability is such an elite level of accomplishment that recognizing it necessarily entails a judgment call. Arguing that the agency was compelled to find extraordinary ability is a bit like saying that the only possible grade on an exam was an A+.

*See Amin*, 24 F.4th at 394–95. Further, "[i]f meeting the regulatory criteria was enough to establish one's acclaim, there would be no step two of the analysis." *Amin.* F.4th at 395. USCIS properly considered Sun's accomplishments and found them wanting. Sun believes a different conclusion was warranted but that alone cannot make the decision arbitrary and capricious. The Court will not set aside a decision that "reflects the reasoned consideration the APA requires." *See Amin*, 24 F. 4th at 395.

## IV. Conclusion

For the reasons explained above, the Court finds that USCIS's decision to deny Sun's Petition was not arbitrary and capricious. Thus, Sun's Motion for Summary Judgment, (ECF No. 13), is **DENIED** and the Government's Motion for Summary Judgment, (ECF No. 14), is **GRANTED**.

**SO ORDERED:** this 2nd day of June, 2025.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE